OPINION
Defendant-appellant Lori A. Norris appeals the September 22, 2000 Judgment Entry of the Muskingum County Court of Common Pleas which found her guilty of aggravated robbery with an underlying gun specification, and felony theft. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 12, 2000, the Muskingum County Grand Jury indicted appellant with one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with an underlying gun specification, and one count of grand theft, in violation of R.C. 2913.02(A)(1). At her January 19, 2000 arraignment, appellant plead not guilty to the charges. The charges arose from the armed robbery of two women by appellant and five co-defendants on January 7, 2000.
During the course of the investigation, each of appellant's co-defendants plead guilty to their indictments and gave taped-recorded statements admitting their guilt and implicating appellant in the crimes. The trial court set appellant's trial for July 13, 2000.
Prior to the trial, appellee became aware one or more of the co-defendants might attempt to withdraw their guilty pleas, and recant their prior statements. Accordingly, appellee requested those co-defendants be declared court witnesses pursuant to Evid. R. 614. The trial court reserved ruling on the motion, and ordered the attorneys for the co-defendants to inquire of their clients whether they intended to withdraw their prior pleas and whether they intended to recant their previous statements. After these attorneys reported back, the trial court informed counsel for appellee, as well as counsel for appellant, the co-defendants intended to testify truthfully.
At trial, appellee called two of the co-defendants to the witness stand. The co-defendants testified appellant did not participate in the robbery and did not possess a weapon during the robbery. Their trial testimony contradicted their prior tape-recorded statements. The trial court ruled the testimony was a surprise and adverse to appellee's trial position. In each instance, the trial court permitted counsel for appellee to question the witnesses about their previous inconsistent statements.
After considering the evidence presented, the jury returned verdicts of guilty on both counts and the accompanying gun specification. In a September 18, 2000 Judgment Entry, the trial court sentenced appellant to nine years incarceration. It is from this judgment entry appellant prosecutes her appeal, assigning as the following error:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING THE STATE OF OHIO TO IMPEACH ITS OWN WITNESSES THROUGH THE USE OF PRIOR INCONSISTENT STATEMENTS.
 I
In her sole assignment of error, appellant maintains the trial court erred in permitting the State to impeach its own witnesses through the use of prior inconsistent statements. We disagree.
The Ohio Rules of Evidence govern the introduction and admission of physical evidence and testimony during the course of a criminal or civil trial. Evid. R. 101(A). Preliminary questions concerning the admissibility of evidence shall be determined by the trial court. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.State v. Adams (1980), 62 Ohio St.2d 151, 157.
Evid. R. 607 governs the impeachment of witnesses. It provides, in relevant part:
 The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. * * *
In considering the question of "surprise," the Supreme Court of Ohio has stated:
 When a witness has voluntarily made a written statement, under oath, as to the existence of a state of facts, the party calling him may, in the absence of an express forewarning from the witness of an intention to repudiate it and notwithstanding knowledge of his hostility, rely upon such statement and expect his testimony to be in accord therewith; and if his testimony is in direct contradiction thereto as to a material fact, such party will be deemed taken by surprise as a matter of law.
 State v. Duffy (1938), 134 Ohio St. 16, paragraph one of the syllabus.
Surprise can be shown if the testimony is materially inconsistent with the prior written or oral statements and counsel did not have reason to believe the witness would recant when called to testify. State v.Holmes (1987), 30 Ohio St.3d 20, 23.
Affirmative damage is the second requirement necessary before a prior statement may be used to impeach a party's own witness. "To establish 'affirmative damage,' the party's own witness must testify to facts which contradict, deny, or harm that party's trial position." State v.Stearns (1982), 7 Ohio App.3d 11.
Appellant maintains the trial court erred in admitting the impeachment evidence because counsel for appellee had reason to believe the witnesses would recant when called to testify.[1] Specifically, appellant points to the record to demonstrate the State requested the trial court declare the co-defendants hostile witnesses two full days before the witnesses testified. Further, appellant contends the State had information the witnesses had been threatened with harm if they did not recant their previous testimony. Appellant maintains this evidence demonstrates appellee had reason to believe the witnesses would recant their prior statements. We disagree.
We find no abuse of discretion in the trial court's decision to admit the impeachment evidence. When confronted with the possibility the witnesses would recant their testimony, the trial court conducted its own investigation into the matter. After determining the witnesses intended to testify truthfully, the trial court so informed counsel for appellee. We find appellee had the right to infer from the court's response the witnesses would continue to testify in conformance with their previous statements. Accordingly, we find no error in the trial court's determination appellee was surprised and affirmatively damaged, nor with its subsequent decision to permit appellee to impeach its own witnesses.
Appellant's sole assignment of error is overruled.
The September 22, 2000 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 22, 2000 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
 ________________________ By: Hoffman, P.J.
Wise, J. and Boggins, J. concur
[1] Appellant concedes appellee established the "affirmative damage" requirement of Evid. R. 607.